IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANA MORSE,

                                                           ORDER

               Petitioner,

                                                   08-cv-632-bbc

     v.

MICHELE KRUEGER, Probation & Parole Agent,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dana Morse has brought this proposed civil rights action under 42 U.S.C. § 1983 to challenge a number of incidents leading to the revocation of his parole and subsequent conviction for an undisclosed crime. Petitioner seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and has made an initial partial payment as directed by the court under § 1915(b)(1).

      Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Before this court could screen petitioner's complaint, he filed an amended

1

complaint, which he was entitled to do without leave of court under Fed. R. Civ. P. 15 (a)(1)(A). Accordingly, I will treat petitioner's amended complaint as the operative pleading and disregard his original complaint. Having reviewed the amended complaint, I conclude that his claims are barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994).

In Preiser and Heck, the Supreme Court held that prisoners may not challenge their confinement or their convictions under 42 U.S.C. § 1983. Rather, they must bring a petition for a writ of habeas corpus after exhausting their state court remedies. Petitioner does not explicitly request release from confinement in his complaint, but that is not the test to determine whether habeas or § 1983 is the appropriate vehicle for bringing a suit. Rather, it is whether success on the claim would "necessarily imply" that his confinement is illegal. In other words, it is not the relief requested by the plaintiff that matters, but the nature of his injury. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996).

In this case, petitioner contends that respondent and other unknown officials violated his constitutional rights in various ways, including by falsifying evidence, failing to provide him with a speedy trial and effective assistance of counsel and failing to comply with the requirements for revocation set forth in Morrissey v. Brewer, 408 U.S. 471 (1972), all of which led to the "loss of [his] conditional liberty." Am. Cpt. at 6, dkt. #12. If petitioner were successful on these claims, it would imply that the revocation of his parole and his

2

conviction were invalid, which means that petitioner cannot proceed with his claims under § 1983.  Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (claim that "would necessarily imply the invalidity of [prisoner's] Wisconsin parole revocation . . . cannot be shown through a § 1983 suit"); Antonelli v. Foster, 104 F.3d 899 (7th Cir.1997) (Heck barred plaintiff's claim that he had been detained unlawfully pursuant to a parole violator warrant).  See also Morrissey, 408 U.S. at 474-75 (evaluating constitutionality of parole revocation in the context of habeas proceeding).

## ORDER

IT IS ORDERED that

1.  This case is DISMISSED as barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), and  Heck v. Humphrey, 512 U.S. 477 (1994).

2.  A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Petitioner is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of petitioner's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from petitioner's trust fund

account until the filing fees have been paid in full.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge